UNITED STATES DISTRICT AND BANKRUPTCY COURTS
FOR THE DISTRICT OF COLUMBIA

Walter L. Goodwin
United States Penitentiary Tucson
P.O. Box 24550
Tucson, Arizona. 85734-4550
#32453-160

VS.

FEDERAL BUREAUR OF PRISONS
320 First Street. NW
Washington D.C  20226

RECEIVED
Mail Room

OCT - 6 2014

Angela D. Caesar, Clerk of Court
U S District Court, District of Columbia

**FILED**
OCT 1 6 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Case 1 14-cv-01724
Assigned To   Jackson, Ketanji Brown
Assign Date  10/16/2014
Description  FOIA/Privacy Act

## PETITION FOR PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT

Now comes the petitioner Walter L. Goodwin, pro se in
the above styled and numbered cause and files.
This original petition for preliminary injunction against
the federal bureau of prisons of the United States of
America in support of the petition.
I the petitioner offers all of the following s

1

This Honorable court has jurisdiction over the petition for preliminary injunction under **5** U.S.C 552 ct, set the Freedom of Information Act.

## VENUE

Venue in the District of Columbia is authorized by the freedom of information act 5 U.S.C 552 (4)(B).
Therefor, venue in the District of Columbia is appropriate.

## VEHICLE

A petition for preliminary injunction is the exclusive vehicle in an action seeking to enjoin the respondences from withholding agency records 5 USC § 552 (4)(B) indicates that the district court of the United States has jurisdiction to enjoin the agency from withholding agency records.

## PROCEDURAL HISTORY OF THE CASE

This petition for preliminary injunction is an original action. The facts and circumstances mentioned in the complaint below does not form the bases of any previous court filings in any court in the United States.

On February 5, 2014 petitioner filed a freedom of information act request to regional office of the Federal Bureau of Prisons for a copy of a video recording related to an incident involving excessive use of force that occurred on October 25, 2013 at Tucson Federal United States Penitentiary. FCC in the psychology department. The request was made pursuant to 5 U.S.C § 552 ct, seg. The request was narrow and specific.

On March 21, 2014 The federal bureau of prisons denied the request under the Privacy Act 5 USC § 552 (B)(7) (F) and alleged that the video records if released would disclose techniques and procedures for law inforcement investigations and of the release of the video records would endanger the life or safety of any individual. A copy of the denial letter is attached to this petition and marked Exhibit A-1, A-2, A-3

## REBUTTLE

The privacy act 5 USC § 552 (B)(7)(E) is not applicable in this case. The records responsive to the request is a video generated by the Federal Bureau of Prisons related to a excessive use of force at a federal prison, therefore, the release of the video records can not reasonably be expected to interfere with law inforcemen procedures

and the release of the video records cannot deprive a person of a right to a fair trial or an impartial adjudication and does not form the base for an unwarranted invasion of personal privacy.

The video is a record of federal prisons guard(es) and, or employee(s) or prison staff engaged in physical procedures authorized by the code of federal regulation and prison policy, therefore, the video record depicts acts or actions specified by public records that is currently available to the public at large. Specifically the video record discloses procedures related to the use of force prison plicy is public records.

Therefore, the release of the video record cannot be reasonably expected to disclose the identity of confidential source, including a state, local or foreign agency, or authority, or any private institution which furnish information or a confidential basis and in the case of a record, or information complied by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

Moreover, the release of the video record cannot be a base for the disclosure of techniques and

(4)

Procedures for law enforcement investigations or prosecutions, nor would the release of the video record lead to disclose guidelines for law enforcement investigations of prosecutions and cannot be expected to risk circumvent the law, or be reasonably expected to endanger the life or safety of any individual.

The video records responsive to the request is a record of federal prisons guard(s) and or employee(s) or prison staff engaged in physical procedures authorized by the code of federal regulation and prison policy. Therefore, the video record depicts acts or actions specified by public record that is currently available to the public at large. Specifically, the video record discloses procedures related to the use of force policy of the federal bureau of prisons. The video record is a mirror of public records.

The use of force incident as mentioned above does not involve the federal bureau of prisons of an investigation, The central intelligence agency, The drug enforcement administration or any other law enforcement agency or body state or federal.

The use of force incident as mentioned above did not involve special agents, informants, or inmate witnesses, or participants from any law enforcement agency domestic or foreign state or federal

Moreover, the plaintiff Walter L. Goodwin is not currently facing a criminal investigation, nor, expected to receive criminal charges for the use of force incident mentioned above.

Therefore, the defendant (s) cannot now assert or affirmative defense under 5 U.S.C § 552 (B) (7)(E) or 5 U.S.C § 552 (B)(7)(F) as a basis or base to withhold the video records responsive to the request, consequently, the withholding of the video record is arbitrary and capricious.

## ADMINISTRATIVE REMEDIES

The plaintiff Walter L. Goodwin filed the initial request for a copy of the October 25, 2013 at approximately 9:45 am at Tucson USP, FCC state of Arizona in the psychology department on Feburuary 4, 2014.

The defedant federal bureau of prisons acknowledged the request on Febuary 28th, 2014 and assigned the case (FOI A) Freedom of Information Act number 2014-04855. Exhibit A-1

The defendant the federal bureau of prisons denied the request for a copy of the video records on March, 21, 2014

(6)

The plaintiff Walter L. Glover filed an appeal to the office of Information Policy on August, 4, 2014 The appeal was again assigned appeal number AP-2014-02967. The appeal was denied on August 28, 2014. Exhibit A-3

Therefore, plaintiff has exhausted his administrative remedies.

INJUNCTION

A petition for preliminary injunction is an extrordinary remedy. The petition requires the consideration of four primary factors they are as follows: (1) wheather the petitioner will suffer irreperable harm if the court does not grant the injunction. (2) The likely hood of harm to the respondent if the court grants the injunction. (3) Petitioners likelyhood of success on the merits and, (4) The public interest.

IRREPERABLE HARM TO PETITIONER

The release of the Video record is necessary to demonstrate the petitioners need for chronic medical care cause by the malicious act of federal

(7)

employees. To the present moment the plaintiff has been denied necessary medical treatment. That has resulted in headaches, blurred vision, knee and lower back pain and suffering.

## HARM TO THE RESPONDENT IF THE INJUNCTION ISSUES

The issuance of the injunction cannot harm respondents because the act or actions to be enjoined is an integrated function, duty, or legal obligation owed to the plaintiff as a matter of law.

## LIKELYHood OF SUCCESS ON THE MERITS

In order to show that the plaintiff will succeed on merits of this case, The plaintiff will clearly demonstrate that the initial request for video records was made persuante to 5 USC §552 ct, et, and the plaintiff will further show that the video records are clearly exempt from the provisions of the Privacy act of 1974 5 USC 552 (a) (j)(2) and 28 CFR 16.101 and the video record is not subject to protection from disclosure under 5 USC 552 (B)(7)(C) or 5 USC 552 (B)(7)(E) and thus the refusal to release the records is arbitrary and capricious because the acts or actions depicted in the video record

mirror procedures but the mental had the office of federal

regulation and bureau of prisons use of force policy.
This is currently public record and in the public domain,
Therefore, The plaintiff will succeed on the merits of
case.


The Public Interest

There is compelling interest in the health and safety
of federal prisons related to the operations of the federal
government.

Request for Relief

The petitioner request the court to issue the injunction
for the petitioner and against the defendant to enjoin
the defendant from withholding records responsive to
plaintiff's request as mentioned in this petition and
further order defendant to release the video records
responsive to the request.

# DECLARATION UNDER PENALTY OF PERJURY

I, Walter L. Goodwin declare under penalty of perjury that the statements I've made here above In this entire petition for Preliminary Injunction is true and correct.

Walter L. Goodwin
September 13, 2014


Walter L. Goodwin
#32453-160 Tucson
United States Penitentiary
P.O. Box 24550
Tucson, AZ. 85734-4550