## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**WALTER L. GOODWIN,**

               Plaintiff,          **Civ No. 14-01724 (KBJ)**

**v.**

**FEDERAL BUREAU OF PRISONS,**

               Defendant.

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant, the Federal Bureau of Prisons (BOP), through counsel, respectfully moves this Court to grant summary judgment on behalf of the Defendant.  In support of this motion, the Defendant refers to the declarations of Beth Ochoa and Tony Martinez of the BOP.

November 26, 2014               Respectfully submitted,

                                RONALD C. MACHEN JR., D.C. Bar #447889
                                United States Attorney

                                DANIEL F. VAN HORN, D.C. Bar # 924092
                                Chief, Civil Division

                                _____/s/_____
                                ANDREA McBARNETTE, D.C. Bar # 483789
                                Assistant United States Attorney
                                  555 Fourth Street, N.W.
                                Washington, D.C. 20530
                                  (202) 252-2539
                                  Andrea.McBarnette@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**WALTER L. GOODWIN,**

                Plaintiff,                **Civ No. 14-01724 (KBJ)**

**v.**


**FEDERAL BUREAU OF PRISONS,**

                Defendant.

### STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LCvR 7 (h), Defendant, the Federal Bureau of Prisons (Bureau), through counsel, respectfully submits this statement of material facts as to which there is no genuine dispute. The Defendant has attached the declarations of Beth Ochoa and Tony Martinez of the BOP.

1. The BOP received a request for information under the Freedom of Information Act from Walter L. Goodwin, federal register number 32453-160, by letter dated February 9, 2014. Declaration of Beth Ochoa, Government Information Specialist (hereafter Ochoa Decl.) at ¶ 4 & Exhibit 1; Complaint, Doc. 1 at 3 (claiming FOIA request filed on February 5, 2014).

2. BOP assigned tracking number of 2014-04855 to the FOIA request which sought disclosure of a "copy of the video/camera footage of the October 25, 2013 incident that occurred at Tucson Federal USP psychology department . . .." Ochoa Decl. at Exh. 1.

3. In response to FOIA Request 2014-04855, Beth Ochoa, a Government Information Specialist identified the institution that would maintain the relevant records as the United States Penitentiary in Tucson, Arizona. She sent the USO Tuscon Warden's Secretary a request asking that a search for the requested record be conducted. Ochoa Decl. at ¶ 5 & Exh. 3.

4.      An SIS Technician searched Pelco workstations within the SIS office, where such

surveillance video recordings, if maintained, would be stored and located footage of

approximately 8 minutes and 35 seconds duration on the hard drive of Pelco workstation

0615103460, which I deemed responsive to the request.  Declaration of Tony Martinez, SIS

Technician (hereafter Martinez Decl.) at ¶¶ 3 - 5.  A copy of the responsive item was made and

provided to regional staff for FOIA processing.  Martinez Decl. at ¶ 6; Ochoa Decl. at ¶ 5.

5.      The United States Penitentiary in Tucson, Arizona (USP Tucson) is a high security federal

correctional facility where persons are housed while serving sentences of imprisonment.  USP

Tucson's use of surveillance cameras inside the facility is designed to deter and help prevent and

reduce prohibited and criminal acts, as well as actually assisting in and facilitating the

investigation of activities within the facility.  Martinez Decl. at ¶ 3.  Access to recorded

surveillance video is limited.  Martinez Decl. at ¶ 2.  Further, the system used to reproduce the

recorded images does not allow the user to manipulate the images on the video in any way.  The

only way to manipulate the image shown in the responsive video recording would be to use some

other type of software.  BOP staff do not have access to software at the USP that could be used to

manipulate the video to prevent the image of the physical layout of the facility, nor conceal the

identities of the persons captured on the surveillance video.  Martinez Decl. at ¶ 7; Ochoa Decl. at

¶ 6.

6.      After examination of the video footage referenced in paragraph 3, the BOP responded to

Mr. Goodwin by letter dated March 21, 2014, explaining the video footage was located but was

withheld from disclosure under 5 U.S.C. § 552(b) (7) (C) and  5 U.S.C. § 552(b) (7) (F).  Doc. 1

at 3 & Exh. A-2;  Ochoa Decl. at ¶ 7 & Exh. 5.

7.      Mr. Goodwin appealed the lack of disclosure to the Office of Information Policy (OIP),

which assigned tracking number AP-2014-02976 to the appeal.  Doc. 1 at 7.  OIP conducted an

independent review of the item sought the bases asserted for withholding and upheld the agency

determination.  Doc. 1 at 7 & Exh. A-3.


November 26, 2014                          Respectfully submitted,


                                           RONALD C. MACHEN JR., D.C. Bar #447889
                                           United States Attorney

                                           DANIEL F. VAN HORN, D.C. Bar # 924092
                                           Chief, Civil Division

                                           _____/s/_____
                                           ANDREA McBARNETTE, D.C. Bar # 483789
                                           Assistant United States Attorney
                                           555 Fourth Street, N.W.
                                           Washington, D.C. 20530
                                           (202) 252-2539
                                           Andrea.McBarnette@usdoj.gov

3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**WALTER L. GOODWIN,**                    **CIV No. 14-01724**

                    Plaintiff,

                                          **MEMORANDUM OF LAW IN SUPPORT**
**v.**                                    **OF MOTION FOR SUMMARY**
                                          **JUDGMENT**

**FEDERAL BUREAU OF PRISONS,**

                    Defendant.

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant, the Federal Bureau of Prisons (BOP), through counsel, respectfully moves this Court to grant summary judgment on behalf of the Defendant in this Freedom of Information Act (FOIA) case, Title 5 U.S.C. § 552, *et seq*.  In support of this motion, the Defendant refers to the Declaration of Beth Ochoa, Government Information Specialist (hereafter Ochoa Decl.) and Declaration of Tony Martinez, SIS Technician (hereafter Martinez Decl.).

In response to a FOIA request seeking production of surveillance video footage taken inside the psychology department at a United States Penitentiary, the BOP properly withheld the surveillance video footage pursuant to Exemption 7 of the FOIA.

**BACKGROUND**

The Federal Bureau of Prisons (BOP) received a request for information under the Freedom of Information Act from Walter L. Goodwin, federal register number 32453-160, by letter dated February 9, 2014.  Declaration of Beth Ochoa, Government Information Specialist (hereafter Ochoa Decl.) at ¶ 4 & Exhibit 1; Complaint, Doc. 1 at 3 (claiming FOIA request filed on February 5, 2014).  Upon receipt, BOP assigned tracking number of 2014-04855 to the FOIA

request which sought disclosure of a "copy of the video/camera footage of the October 25, 2013 incident that occurred at Tucson Federal USP psychology department . . .." Ochoa Decl. at Exh. 1. BOP generated and mailed a letter to Mr. Goodwin explaining that his request had been received, advising him of the tracking number which had been assigned, and explaining his request would be handled in the order in which it was received. Ochoa Decl. at Exh. 2.

In response to FOIA Request 2014-04855, Beth Ochoa, a Government Information Specialist initiated the agencies search by identifying the institution that would maintain the relevant records as the United States Penitentiary in Tucson, Arizona. Ochoa Decl. at ¶ 5. The United States Penitentiary in Tucson, Arizona (USP Tucson) is a high security federal correctional facility where persons are housed while serving sentences of imprisonment. USP Tuscon's use of surveillance cameras inside the facility is designed to deter and help prevent and reduce prohibited and criminal acts, as well as actually assisting in and facilitating the investigation of activities within the facility. Martinez Decl. at ¶ 3. Ms. Ochoa sent the institution a request asking that a search for the requested record be conducted. Ochoa Decl. at ¶ 5 & Exh. 3. An SIS Technician was assigned to conduct the relevant search. Declaration of Tony Martinez, SIS Technician (hereafter Martinez Decl.) at ¶¶ 3 - 5. He searched Pelco workstations within the SIS office, where such surveillance video recordings, if maintained, would be stored and located footage of approximately 8 minutes and 35 seconds duration on the hard drive of Pelco workstation 0615103460, which he deemed responsive to the request and which were provided to Ms. Ochoa for FOIA processing. Martinez Decl. at ¶¶ 3 – 5; Ochoa Decl. at ¶ 5. A copy of the responsive item was made and provided to regional staff for FOIA processing. Martinez Decl. at ¶ 6; Ochoa Decl. at ¶ 5.

After examination of the video footage referenced in paragraph 3, the BOP responded to Mr. Goodwin by letter dated March 21, 2014.  Doc. 1 at 3 & Exh. A-2;  Ochoa Decl. at ¶ 7 & Exh. 6.  The letter informed Mr. Goodwin that a responsive recording was located and that the recording in its entirety was preserved on a compact disc which was being withheld from disclosure in its entirety pursuant to the FOIA, 5 U.S.C. §552, (b)(7)(C) records which would disclose techniques and procedures for law enforcement investigations, and (b)(7)(F) disclosure which could endanger the life or physical safety of any individual.

Mr. Goodwin appealed the lack of disclosure to the Office of Information Policy (OIP), which assigned tracking number AP-2014-02976 to the appeal.  Doc. 1 at 7.  OIP conducted an independent review of the item sought the bases asserted for withholding and upheld the agency determination.  Doc. 1 at 7 & Exh. A-3.

## STANDARD OF REVIEW

Summary judgment may be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986), the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir.1992).

3

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Gold Anti-Trust Action Committee, Inc. v. Board of Governors of Federal Reserve System*, No. 09-2436, 2011 WL 332541, *3 (D.D.C. Feb. 3, 2011) (quoting *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citations omitted)); *Schmidt v. Shah*, No. 08-2185, 2010 WL 1137501, *8 (D.D.C.  Mar 18, 2010) ("FOIA cases are typically and appropriately decided on motions for summary judgment) (citation omitted).  In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute and that all information that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure.  *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Department of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

A court may award summary judgment to a FOIA defendant solely on the basis of information provided by the department or agency in sworn statements with reasonably specific detail that justify the nondisclosures, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  To successfully challenge such a showing by the defendant agency, the plaintiff must do more than merely establish some "metaphysical doubt;" rather, the plaintiff must come forward with "specific facts" demonstrating a genuine issue.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, (1986).

**ARGUMENT**

I.    **Defendant conducted an adequate search**

To prevail in a FOIA action, the agency must show that it made "a good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *see, e.g., Morley*, 508 F.3d at 1114 ("[t]he court applies a 'reasonableness' test to determine the 'adequacy' of a search methodology, consistent with congressional intent tilting the scale in favor of disclosure." (quoting *Campbell v. DOJ,* 164 F.3d 20, 27 (D.C. Cir. 1998))).  Courts have found that agency declarations to be inadequate when they do not contain sufficiently detailed descriptions of the search. *Morley v. CIA*, 508 F.3d 1108, 1121-22 (D.C. Cir. 2007) (remanding case because declaration did not sufficiently describe scope and method or search conducted).

The BOP searched the Pelco workstations that could contain video surveillance filmed at the United States Penitentiary on the date in question.  Martinez Decl. ¶ 4: Ochoa Decl. at ¶ 5. Because the surveillance recordings are maintained and are accessible only through the Pelco workstations at the United States Penitentiary where the recording was alleged to have been made, the BOP's manual search for the responsive video footage in this location and in this manner was reasonable.  Martinez Decl. ¶ 4; Ochoa Decl. at Exh. 4 (FOIA Request Worksheet). Therefore, the BOP conducted an adequate search for responsive records.

II.    **The Video Footage at Issue Here was Properly Withheld Pursuant to Exemption 7**

The FOIA requires a federal agency to release all records responsive to a properly submitted request except those protected from disclosure by one or more of nine enumerated exemptions. See 5 U.S.C. § 552(b). The agency's disclosure obligations are triggered by its

receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The FOIA authorizes the court only "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Pursuant to the FOIA, the disclosure provisions specifically do not apply to:

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information  . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, . . . (F) could reasonably be expected to endanger the life or physical safety of any individual; . . ..

5 U.S.C. § 552(b)(7).

The elements of a FOIA claim are: (1) improperly (2) withheld (3) agency records. "Judicial authority to devise remedies and enjoin agencies can only be invoked under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980).

A.    **Surveillance Video Is Compiled For Law Enforcement Purposes**

Plaintiff asserts the surveillance video he seeks is not compiled for law enforcement purposes.  Doc. 1 at 5 (asserting "the use of force incident . . . did not involve . . . any law enforcement agency domestic or foreign state or federal.").  This bald assertion is simply not supportable.  The Federal Bureau of Prisons (BOP) is charged with providing for the safekeeping, as well as the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.  !8 U.S.C. § 4042.

Through declarations, the Defendant has demonstrated the item at issue in the FOIA request challenge here is surveillance footage recorded by the BOP at the high security United States Penitentiary (USP) in Tucson, Arizona.   Martinez Decl. at ¶ 3.  Closed circuit television is used by staff for live monitoring of inmate activities and the recorded video is used as a tool in investigations.  *Id.*   Surveillance cameras are specifically used inside the facility "to deter and help prevent and reduce prohibited and criminal acts, as well as actually assisting in and facilitating the investigation of activities within the facility."   Martinez Decl. at ¶ 3.  Moreover, BOP's Correctional Services Division identifies closed circuit video cameras as components of the physical security systems employed in correctional facilities along with such things as fences, locks, and alarms.  Ochoa Decl. at ¶ 6 & Exh. 5; s*ee, also*,  5 U.S.C. § 8331 (defining "law enforcement officer" to include persons whose duties involve of detention of individuals and specifically states "detention" includes the duties of-- (A) employees of the Bureau of Prisons and Federal Prison Industries, Incorporated;  whose duties . . .require frequent  . . . direct contact with these individuals in their detention, direction, supervision, inspection, training, employment, care, transportation, or rehabilitation;. . ..").

Despite Plaintiff's bald assertion to the contrary, it is clear that the surveillance footage captured by the closed circuit television cameras and recorded is "compiled" for law enforcement purposes.  On this record it is clear that the BOP's supervision of inmates, which includes video surveillance, is for the purpose of detecting and deterring criminal conduct and the recording and continued maintenance of the surveilled activities is designed to facilitate investigation and possible prosecution of wrongdoers.  As such, there is clearly a "rational nexus" between the BOP's law enforcement duties and the surveillance video at issue here. *Pratt v. Webster*, 673 F.2d 408, 420-21 (D.C.Cir.1982).  Exemption 7 clearly applies to the

prison surveillance video located here provided one of the conditions exempting such records from disclosure applies.

**B.      5 U.S.C. § 552(b) (7) (C) – Personal Privacy**

Exemption 7(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that such [material] ... could reasonably be expected to constitute an unwarranted invasion of personal privacy,...." 5 U.S.C. § 552(b)(7)(C).  "Where the privacy concerns addressed by Exemption 7(C) are present, ... [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] ... the information is likely to advance that interest." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). In making such a showing, a plaintiff must assert "more than a bare suspicion" of official misconduct. *Id*. at 174, 124 S.Ct. 1570. He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id*. Otherwise, the balancing requirement does not come into play. *See id*. at 175, 124 S.Ct. 1570.

Here, Plaintiff asserts that the video footage "is necessary to demonstrate the petitioners need for chronic medical care caused by the malicious act of federal employees, in the present moment the Plaintiff has been denied necessary medical treatment."  Doc. 1 at 7-8.  He further alleges he has a private cause of action in which he seeks to vindicate alleged violations of his constitutional rights arising from the incident depicted on the video.  Doc. 6 at 3 – 4.  At best, Plaintiff asserts a personal interest in disclosure of the record, which cannot offset the privacy concerns of the others portrayed on the video.  As such, the surveillance video recording is properly withheld from disclosure under 5 U.S.C. § 552(b) (7) (C).

**C.      5 U.S.C. § 552(b) (7) (F)**

The BOP also asserted the surveillance video footage was being withheld as it "(F) could

reasonably be expected to endanger the life or physical safety of any individual; . . .." Title 5

U.S.C. § 552(b)(7).  As indicated above, USP Tucson is a high-security United States

Penitentiary where persons are designated to serve their terms of imprisonment.  Martinez Decl.

at ¶ 3.  In support of the BOP's position, Ms. Ochoa has declared that:

> Public review of the video would allow scrutiny of the quality and gaps in video coverage
> of the video surveillance capabilities in this area of the United States Penitentiary, and
> could be used to discern the internal physical layout of this area in the United States
> Penitentiary as well as estimate staff response times to request for assistance.  This
> information could be used to better anticipate staff's efforts to prevent, respond to and if
> needed prosecute individuals for actions taken by them in future situations, and
> potentially prolonging or thwarting staff's efforts to maintain a safe and secure
> environment. The release of this video may also endanger the staff members who
> participated in the response to the call for assistance, subjecting them to possible
> retribution in the future, especially because their identities have not been revealed, but
> each is clearly identifiable by their faces which are clearly visible in the recording.
> Although the identity of staff members responding to calls for assistance are not regularly
> revealed to inmates or the public, to the extent their identities are known and maintained
> by the BOP, that information is maintained to allow for internal review of any immediate
> use of force and allows for any necessary administrative action to be taken.

Ochoa Decl. at ¶ 6.

Furthermore, Ms. Ochoa provided an excerpt of a Correctional Services Cross Development

course material which identified "closed circuit video cameras as components of the physical

security systems employed in correctional facilities along with such things as fences, locks, and

alarms."  Ochoa Decl. at ¶ 6 & Exh. 5.

As such, the BOP has demonstrated that the release of this surveillance video footage

could reasonably be expected to compromise and endanger the lives or physical safety of the

individuals assigned to work that USP Tucson as well as those specific individuals captured in

this video footage.  BOP properly determined this video is appropriate withheld from disclosure under 5 U.S.C. § 552(b) (7) (F).

## IV.    Segregability

The FOIA requires that, if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); *Trans-Pacific Policing Agreement v. U.S. Customs Serv.,* 177 F.3d 1022 (D.C. Cir. 1999).   "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C.Cir.2007) (citations omitted). The Court may award summary judgment to an agency solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C.Cir.2009) (*quoting Miller v. Casey*, 730 F.2d 773, 776 (D.C.Cir.1984)); *accord Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981); *see Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). An agency's declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims...." *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C.Cir.1991) (citation and internal quotation marks omitted); *see Matter of Wade*, 969 F.2d 241, 246 (7th Cir.1992) ("Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned.") (citation omitted).  If the Plaintiff rebuts the foregoing presumptions with probative

10

evidence, summary judgment is not warranted. See *Sussman*, 494 F.3d at 1117 ("the burden lies with the government to demonstrate that no segregable, nonexempt portions were withheld.").

BOP properly withheld the video disks containing the images of individual employees in their entirety under FOIA exemption 7(C).  See *Antonelli v. Fed. Bureau of Prisons*, 591 F.Supp.2d 15, 27 (D.D.C.2008) (approving BOP's withholding of recorded telephone conversations based on evidence that BOP lacked the technical capability to reasonably segregate the recordings) (citing Swope, 439 F.Supp.2d at 5–8; McMillian v. Fed. Bureau of Prisons, 2004 WL 4953170, at *7–8 (D.D.C. July 23, 2004)). Cf. with *Maxwell v. O'Neill*, 2002 WL 31367754 (D.D.C., Sept. 12, 2002) ("While responding to FOIA requests, an agency is not required to ... create individualized records...."); *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C.1985) ("FOIA creates only a right of access to records, not a right to personal services."); *see also,* 5 U.S.C. § 552(a)(4)(B) ("a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under ... subsection (b)").

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a detailed justification rather than conclusory statements.  *See Barnard v. DHS*, 598 F. Supp.2d 1, 25 (D.D.C. 2009) (stating that "[a]lthough an agency's justification need not compromise the nature of the withheld information, its explanation should at least detail what proportion of the information in a document is non-exempt and how that material is dispersed though out the document"); *Taylor v. U.S. Dep't of Justice*, 257 F. Supp. 2d 101, 114 (D.D.C 2003) (finding in camera review to be unnecessary because of adequacy of defendant's affidavit and Vaughn Index).

Here, the BOP through affidavit explains that the record maintenance system for the surveillance video does not afford the user the ability to modify, redact, or in any way alter what was recorded.  Martinez Decl. at ¶ 7.  Therefore, the BOP's determination that it was not technically feasible for the agency to segregate the physical layout of the correctional facility depicted in the video or the identities of staff captured by the video was proper.


November 26, 2014                                    Respectfully submitted,


                                                     RONALD C. MACHEN JR., D.C. Bar #447889
                                                     United States Attorney

                                                     DANIEL F. VAN HORN, D.C. Bar # 924092
                                                     Chief, Civil Division

                                                      _____/s/_____
                                                     ANDREA McBARNETTE, D.C. Bar # 483789
                                                     Assistant United States Attorney
                                                     555 Fourth Street, N.W.
                                                     Washington, D.C. 20530
                                                     (202) 252-2539
                                                     Andrea.McBarnette@usdoj.gov